```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
    MAX TOUHEY,                                                   :
                                                                  :
                                    Plaintiffs,                   :    1:24-cv-566-GHW
                                                                  :
                  -against-                                       :    ORDER
                                                                  :
    SENSORY INTERACTIVE, INC,                                     :
                                                                  :
                                    Defendant.                    :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/2024

GREGORY H. WOODS, United States District Judge:

    Plaintiff commenced this action on January 26, 2024, alleging that Defendant infringed on Plaintiff's copyright by displaying Plaintiff's photograph on Defendant's website. *See* Dkt. No. 1 ("Compl."). Under a section entitled "Jurisdiction and Venue," the complaint alleges that venue is proper "because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District." *Id.* ¶ 10.

    Because neither party was alleged to reside in this district, nor were any events giving rise to the claim alleged to have occurred in this district, the Court issued an order to show cause as to why this action should not be transferred to the Northern District of New York. Dkt. No. 7. Plaintiff responded on February 2, 2024. Dkt. No. 9. In the response, Plaintiff asserted that "Plaintiff alleges that the occurrence of events that give rise to this action took place within the Southern District of New York" because (1) the photograph whose copyright Plaintiff alleges Defendant infringed is a photograph of the Moynihan Train Hall, which is located in New York, New York, and (2) "Defendant, a real estate consulting firm, infringed upon Plaintiff's copyright by displaying the Photograph on its website 'in promotion of the work done [by Defendant] at the Moynihan

Train Hall in New York, New York' as well as a part of a press release for the work performed by Defendant at said train hall." *Id.* at 1 (quoting Compl. ¶¶ 3, 24, 26).

That the photograph itself is of an entity located in this district does not mean that the events through which Defendant allegedly infringed Plaintiff's copyright occurred in this district. "In order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). New York City is where Plaintiff took the photograph, but Plaintiff taking the photograph was not itself the allegedly infringing activity. The allegedly infringing activity—the "actual copying"—was Defendant's alleged *publication* of the photograph, not Plaintiff's creation of the original work.

Because Plaintiff's principal place of business is in Queens County, and Defendant "is a Maryland corporation with a corporation office located in . . . Albany," Compl. ¶¶ 5–6, and there are no allegations in the complaint describing the occurrence of events or the residence of any defendant in the Southern District of New York, *see* 28 U.S.C. § 112(b), the Court finds that venue does not lie in this district, and that the interest of justice weighs in favor of transferring the case to the district that encompasses the court identified as the proper venue. Accordingly, this case is hereby transferred under to the Northern District of New York, where Defendant resides, pursuant to 28 U.S.C. § 1406(a). *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The Clerk of Court is directed to transfer this case to the Northern District of New York without delay. Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service.

SO ORDERED.

Dated: February 2, 2024
New York, New York

                                          GREGORY H. WOODS
                                       United States District Judge